1   SIDNEY J. COHEN, ESQ., SBN  39023
    SIDNEY J. COHEN PROFESSIONAL CORPORATION
2   427 Grand Avenue
    Oakland, CA  94610
3   Telephone:  (510) 893-6682
    Facsimile: (510) 893-9450
4
    Attorneys for Plaintiff
5   RICHARD SKAFF

6   THEODORE l. WHITE (Pro Hac Vice Pending)
    DEUTSCH, KERRIGAN & STILES
7   755 Magazine St.
    New Orleans, LA 70130
8   Telephone: (504) 581-5141
    Facsimile:   (504)566-4004
9   twhite@dkslaw.com

10  ANNE D. O'NIELL, SBN 120948
    CHRISTINA A. LEE, SBN 257905
11  HINSHAW & CULBERTON LLP
    One California Street, 18th Floor
12  San Francisco, Ca 94111
    Telephone: (415) 362-2000
13  Facsimile:  (415) 834-9070
    aoniell@hinshawlaw.com
14  clee@hinshawlaw.com

15  Attorneys for Defendants
    RITZ -CARLTON HOTEL
16  COMPANY, LLC, SHC HALF
    MOON BAY, LLC and DTRS
17  HALFMOON BAY, LLC

18              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
19

20  RICHARD SKAFF                      CASE NO.  C 10 01115 CRB
                                       Civil Rights
        Plaintiff,
21                                     **STIPULATION, DECLARATION,
    V.                                 AND [PROPOSED] ORDER FOR
22                                     ENLARGEMENT OF TIME TO
                                       COMPLETE THE GENERAL
23  RITZ -CARLTON HOTEL                ORDER 56 JOINT SITE
    COMPANY,  LLC;  SHC  HALF          INSPECTION AND TO HOLD
24  MOON BAY, LLC; DTRS HALF           THE GENERAL ORDER 56
    MOON BAY, LLC; and DOES 1-25,      "MEET AND CONFER "**
    Inclusive,
25                                     Local Rule 6-2
        Defendants.
26  _____/

27

28  Stipulation, Declaration, And [Proposed] Order For
    Enlargement Of Time To Complete the General Order56
    Joint Site Inspection And to Hold The General Order 56
    "Meet And Confer"

## STIPULATION

Plaintiff RICHARD SKAFF, by and through his attorney, and Defendants RITZ-CARLTON HOTEL COMPANY, LLC, SHC HALF MOON BAY, LLC, and DTRS HALF MOON BAY, LLC, by and through their attorneys, stipulate to an enlargement of time from June 24, 2010 to July 20, 2010 to complete the General Order 56 and Court Scheduling Order Joint Site Inspection and an enlargement of time from July 6, 2010 to August 20, 2010 to hold the General Order 56 "meet and confer."

_____The parties to this action further stipulate that they have been working amicably and cooperatively together and that it is through no fault of either the plaintiff or the defendants that the joint site inspection was not completed by June 24, 2010.

The parties further stipulate that the defendants have granted the plaintiff the right to inspect requested areas of the property in good faith and that none of the defendants has waived its right to assert that the scope of the plaintiff's inspection described in plaintiff's declaration exceeds the scope of inspection permissible under the Court's General Order 56 as it applies to the complaint in this action.

The parties further stipulate that defendants have not waived their rights to assert that plaintiff lacks standing to seek relief for the entire scope of issues described in plaintiff's counsel's declaration.

_____The parties further stipulate that this Stipulation may be signed in counterparts and that facsimile or electronically transmitted signatures shall be as valid and binding as original signatures.

//

//

//

Stipulation, Declaration, And [Proposed] Order For
Enlargement Of Time To Complete the General Order 56
Joint Site Inspection And to Hold The General Order 56
"Meet And Confer"                                        -1-

Date: June 29,2010                SIDNEY J. COHEN
                                  PROFESSIONAL CORPORATION

                                  /s/ Sidney J. Cohen

                                  _____
                                  Sidney J. Cohen
                                  Attorney for Plaintiff  Richard Skaff

Date: June 29, 2010               HINSHAW & CULBERTSON and
                                  DEUTSCH, KERRIGAN & STILES

                                  /s/ Anne D. O'Niell

                                  _____
                                  Anne D. O'Niell
                                  Attorneys for Defendants Ritz-Carlton
                                  Hotel Company, LLC, SHC Half Moon Bay,
                                  LLC,  and DTRS Half Moon Bay, LLC

## DECLARATION OF SIDNEY J. COHEN

I, Sidney J. Cohen, declare:

1.     I am counsel for Plaintiff  in this action. I am an attorney in good standing and licensed to practice in the courts of California, in the United States District Courts for the Northern, Eastern, and Central Districts, in the United States Court of Appeals for the Ninth Circuit, and in the United States Supreme Court. If called upon to testify, I would testify as follows:

2.     Pursuant to General Order 56 and this Court's Scheduling Order, the parties were required to hold a joint site inspection by no later than June 24, 2010 at the property and premises of the Ritz Carlton Hotel in Half Moon Bay, California.

3.     On June 22, 2010, the parties, counsel, and expert consultants attended an all day site inspection at the property and premises of the Hotel.

4.     Plaintiff's two expert consultants were not able to complete their inspection of the property and premises on June 22, 2010 for a variety of reasons, including but not necessarily limited to the following: the broad scope of the areas

1  and items to inspect in the  Hotel itself, which contains 261 guestrooms, numerous

2  meeting rooms, multiple restaurants, multiple public restrooms, a fitness center, spa,

3  beauty salon, elevators, shops, etc; the broad scope of the areas and items to inspect

4  in additional structures on the property, including but not limited to a separate

5  parking structure, cottages, colony club, tennis courts,  etc.; the broad scope of the

6  areas and items to inspect on the numerous paths of travel, sidewalks, curbs, etc

7  spread out over the large common areas between the Hotel and related facilities and

8  along the coastal paths of travel;  and the inability  to gain access to  inspect certain

9  areas and items due to the fact that the Hotel was at, or close to, 100% occupancy

10  on June 22, 2010, including but not limited to the inability to inspect all but one of

11  the designated accessible guestrooms and certain meeting rooms and meeting areas,

12  　　　　5.　　　Having anticipated in advance of the June 22, 2010 joint site inspection

13  date that  it might take more than one day to conduct the inspection, counsel for the

14  parties had tentatively reserved June 24, 2010 to return to the Hotel to complete the

15  inspection of any remaining items. However, in a discussion with Hotel personnel

16  at the conclusion of the June 22, 2010 inspection counsel were advised that  the

17  Hotel was 100% booked for June 24, 2010  and further was booked at or close to

18  100% through approximately July 7, 2010. Consequently, it became clear that access

19  to a substantial portion of the remaining items to inspect, including but not

20  necessarily limited to the numerous designated accessible guestrooms,  could not be

21  obtained during the period that the Hotel was booked at, or close to, 100%.

22  　　　　6.　　　In further discussion with Hotel personnel at the conclusion of the June

23  22, 2010 inspection counsel for the parties learned that the Hotel was booked to only

24  approximately 40% to 50% capacity from approximately July 7-20, 2010, and

25  counsel presently are in the process of setting a date during that approximate time

26  frame to complete the joint site inspection.

27

28  Stipulation, Declaration, And [Proposed] Order For
Enlargement Of Time To Complete the General Order56
Joint Site Inspection And to Hold The General Order 56
"Meet And Confer"                               -3-

7. Following completion of the joint site inspection it will take a significant period of time for Plaintiff's consultants to prepare their voluminous findings, which then will be transmitted to defendants' counsel for review and evaluation in advance of the "meet and confer." We estimate that thirty (30) to forty (40) calendar days following completion of the joint site inspection to prepare the findings and for Defendant to evaluate, review, and respond to each of the findings in this complex and broad scope case is a necessary time frame between the completion of the inspection and the "meet and confer" if the "meet and confer" is to meaningful.

8. Based on paragraphs 2-5, supra, the parties need an enlargement of time to no later than July 20, 2010 to complete the joint site inspection and an enlargement of time to August 20, 2010 to conduct the "meet and confer."

9. With the exception of extending the June 24, 2010 joint site inspection deadline and the follow on 10 day meet and confer and mediation deadlines, the extension does not effect court ordered deadlines.

10. A Stipulation to extend the time for Defendants to respond to the Complaint (Docket No. 4) is the only previous modification in the case by Stipulation or Court Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of June, 2010 at Oakland, California.

/s/ Sidney J. Cohen
Sidney J. Cohen

**ORDER**

Having considered the parties Stipulation and the supporting Declaration, and for good cause shown, the court enlarges the date by which the parties are to complete the joint site inspection to July 20, 2010 and enlarges the date

Stipulation, Declaration, And [Proposed] Order For
Enlargement Of Time To Complete the General Order 56
Joint Site Inspection And to Hold The General Order 56
"Meet And Confer"                                    -4-

1  by which the parties are to hold the "meet and confer" to August 20, 2010.

2  **IT IS SO ORDERED.**

3  **Date:**   June 30, 2010



Charles R. Breyer
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Stipulation, Declaration, And [Proposed] Order For
Enlargement Of Time To Complete the General Order56
Joint Site Inspection And to Hold The General Order 56
"Meet And Confer"                                    -5-