```
 1  SIDNEY J. COHEN, ESQ. (SBN 39023)
    SIDNEY J. COHEN P.C.
 2  427 Grand Avenue
    Oakland, CA  94610
 3  Telephone:  (510) 893-6682
    Attorneys for Plaintiff Richard Skaff
 4
    ANNE D. O'NIELL (SBN 120948)
 5  CHRISTINA A. LEE (SBN 257905)
    HINSHAW & CULBERTSON LLP
 6  One California Street, 18th Floor
    San Francisco, CA 94111
 7  Telephone:      (415) 362-6000
    Facsimile:      (415) 834-9070
 8
    THEODORE L. WHITE (Pro Hac Vice)
 9  DEUTSCH, KERRIGAN & STILES LLP
    755 Magazine St.
10  New Orleans, LA 70130
    Telephone:    504-581-5141
11  Facsimile:    504-593-0604
12  twhite@dkslaw.com

13  Attorneys For Skaff Defendants
    Ritz-Carlton Hotel Company, LLC,
14  SHC Half Moon Bay, LLC,
    DTRS Half Moon Bay, LLC
15  and Marriott International, Inc.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF,<br><br>           Plaintiffs,<br><br>    vs.<br><br>RITZ -CARLTON HOTEL COMPANY, LLC; SHC HALF MOON BAY, LLC; DTRS HALF MOON BAY, LLC; and DOES 1-25, Inclusive,<br><br>           Defendants. | Case No. C 10 01115 CRB<br><br>Civil Rights<br><br>RELATED CASE – PAULICK V. RITZ-CARLTON, HALF MOON BAY, N.D. CA Case No. C10-4107 CRB<br><br>**STIPULATION REQUESTING MODIFICATION OF GENERAL ORDER 56 AFFECTING RELATED SKAFF AND PAULICK CASES AND PROPOSED ORDER**<br><br>GENERAL ORDER 56<br>Local Rules 6 -1 and 6 -2, 7-11 |

1

1   Pursuant to Local Rules 6-1 and 6-2, plaintiff in the captioned case, Richard Skaff, and
2  defendants Ritz -Carlton Hotel Company, LLC,  SHC Half Moon Bay, LLC, DTRS Half Moon Bay,
3  LLC and Marriott International, Inc., and plaintiff in the above-cited Related Case No. C10-4107
4  CRB, titled *Paulick v. Ritz-Carlton Hotel Company, LLC, et al.* ("the Paulick Case"), by and through
5  their counsel, enter into this stipulation, as their interests appear, to support their respective requests
6  for an Order modifying General Order 56 as it applies to each Related Case.  The purpose of this
7  stipulated request is to allow the parties to both Related Cases to avoid the unnecessary and
8  burdensome duplication of labor and expenses that would be involved in separate meet and confer
9  proceedings and possible mediation proceedings, and to allow the parties in both  Related Cases the
10  most efficient opportunity to resolve both cases in unified proceedings, with consistent results.

11   On July 1, 2010, this Court granted the Skaff parties' joint stipulated request for an Order
12  enlarging the time for completion of the General Order 56 joint site inspection and to hold the
13  General Order 56 meet and confer session. (Docket No. 12, Skaff Case)

14   On August 27, 2010, this Court granted the Skaff parties' joint stipulated request for an order
15  enlarging the time for them to complete their meet and confer process, to October 29, 2010 and
16  enlarging the time for plaintiff to file any necessary Notice of Need For Mediation.  (Docket No. 21,
17  Skaff Case)

18   On September 13, 2010, Michael Paulick filed his complaint titled *Paulick v. Ritz-Carlton*
19  *Hotel Company, LLC, et al.* in this Court, as Civil Action No. C10-4107 ("the Paulick Case").

20   On October 18, 2010, the Court granted the Unopposed Administrative Motion And Motion
21  to Relate Cases And Request Reassignment filed by Michael Paulick, plaintiff in Related Case No.
22  C10-4107 CRB.  (Docket No. 22, Skaff Case; Docket No. 21, Paulick Case)

23   Plaintiff Paulick has requested an expedited inspection of the property which is at issue in
24  both the Skaff and Paulick Related Cases, the Ritz-Carlton Hotel in Half Moon Bay, California.
25  Defendants in the Paulick Case have agreed to that request, subject to their understanding that the
26  parties in the Skaff and Paulick Cases would stipulate to request the relief described herein.
27  IT IS SO STIPULATED THAT:
28   Counsel for the parties in each Related Case, as their interests appear, stipulate to the request

for an Order stating the following proposed modifications to General Order 56, to allow fair and even compliance with the principles governing General Order 56 as they apply to the Related Cases:

    1.    Plaintiff Paulick and counsel for defendants shall complete their joint inspection of the subject premises on November 1, 2010, to be conducted pursuant to the provisions of Paragraph 3 of General Order 56;

    2.    Initial disclosures in the Paulick Case required by Federal Rule Of Civil Procedure 26(a) shall be completed no later than November 15, 2010. The initial disclosures shall be completed pursuant to the rules stated in Paragraph 2 of General Order 56.

    3.    The parties to the Skaff and Paulick Cases shall complete the meet and confer requirements stated in Paragraph 4 of General Order 56 by participating in one or more joint meet and confer sessions, as necessary to discuss settlement of both of the Related Cases, to be completed no later than November 30, 2010;

    4.    If the parties to the Skaff and Paulick Cases are not able to reach agreement on injunctive relief, or cannot settle the damages and fee claims stated in the respective cases, each plaintiff so affected shall file a "Notice Of Need For Mediation", pursuant to the provisions stated in Paragraph 6 of General Order 56, no later than December 8, 2010. The parties stipulate that they will participate jointly in the mediation proceedings described in Paragraph 6 of General Order 56; and,

    5.    If mediation conducted pursuant to Paragraph 6 of General Order 56 is not successful as to one or both plaintiffs in the Skaff and Paulick Cases, the plaintiffs, or the remaining plaintiff, shall comply with the provisions stated in Paragraph 7 of General Order 56.

The parties further stipulate that this Stipulation may be signed in counterparts and that signatures transmitted by facsimile or by e-mail shall be as valid and binding as original signatures.

```
 1   Dated: October 28, 2010            SIDNEY J. COHEN PROFESSIONAL
 2                                      CORPORATION
 3
 4                                      By: /s/ Sidney J. Cohen
 5                                      Sidney J. Cohen
                                        Attorney For Plaintiff, RICHARD SKAFF
 6
 7   Dated: October 28, 2010            HINSHAW & CULBERTSON LLP
 8
 9
                                        By:/s/ Anne D. O'Niell
10                                      Anne D. O'Niell
11   Dated: October 28, 2010            DEUTSCH, KERRIGAN & STILES, LLP
12
13
                                        By:/s/ Theodore L. White
14                                      Theodore L. White (Pro Hac Vice)
15                                      Attorneys For Defendants
16                                      Ritz -Carlton Hotel Company, LLC, SHC Half
                                        Moon Bay, LLC, DTRS Half Moon Bay, LLC
17                                      and Marriott International, Inc.
18   Dated: October 28, 2010            THIMESCH LAW OFFICES
19
20                                      By: /s/ Timothy S. Thimesch
21                                      Timothy S. Thimesch
                                        Attorney for Related-Plaintiff Michael Paulick in
22                                      Related Case Paulick v. Ritz-Carlton, Half Moon Bay,
                                        N.D. CA Case No. C10-4107 CRB
23
24
25
26
27
28
                                        4
         STIPULATION REGARDING REQUESTED ORDER MODIFYING GENERAL ORDER 56 TIME LIMITS
                                                                 Case No. C 10 01115 CRB
```

10/28/2010  12:41    5108939450    SIDNEY J COHEN ESQ    PAGE  02/03

## DECLARATION OF ANNE D. O'NIELL

I, Anne D. O'Niell, declare:

1. I am counsel for defendants Ritz-Carlton Hotel Company, LLC, SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC and Marriott International, Inc. in the case titled *Richard Skaff v. Ritz-Carton Hotel Company, LLC, et al.*, filed as Case No. C10-01115-CRB in the United States District Court, Northern District of California ("the Skaff Case"), and I am counsel for defendants The Ritz-Carlton Hotel Company, LLC, for itself and as erroneously sued as "Ritz-Carlton Hotel Company, LLC" and as "Ritz-Carlton Half Moon Bay," Marriott International, Inc., SHC Half Moon Bay, LLC, DTRS Half Moon Bay, LLC And Strategic Hotels And Resorts, Inc. in the Related Case titled *Michael Paulick v. Ritz-Carlton, Half Moon Bay, et al.*, also filed in this court as Case No. C10-4107 CRB ("the Paulick Case"). I am an attorney in good standing and licensed to practice in the courts of the State of California, and in the federal courts of the State of California, including the United States District Court for the Northern District of California. If called upon to testify, I would testify as follows:

2. Pursuant to General Order 56 and this Court's Scheduling Order, the parties to the Skaff Case were required to hold a joint site inspection by June 24, 2010 at the property and premises of the Ritz-Carlton Hotel in Half Moon Bay, California. The parties sought and were granted an Order enlarging the time for them to complete the joint site inspection to July 20, 2010 and enlarging the time for them to complete their meet and confer process to August 20, 2010. The parties were able to complete the joint site inspection by July 20, 2010, but, despite their good faith efforts, they were unable to complete the meet and confer process by the August 20, 2010 deadline specified in the Court's Order of June 30, 2010.

3. The Ritz-Carlton Hotel has 261 guestrooms and numerous other facilities, as well as extensive exterior areas, many of which include items listed on Richard Skaff's expert's list of alleged access barriers. The Skaff Case parties' meeting and conference efforts have addressed all of the several hundred items listed on plaintiff Skaff's expert's site inspection report, but the parties have not yet reached agreement or final positions on these items.

4. The Skaff Case parties requested and were granted an enlargement of time, to

1  October 29, 2010, to complete their meet and confer process, in the hope of reaching mutual
2  agreement regarding the accessibility issues alleged by plaintiff Skaff, which would avoid or limit
3  the need for mediation. The parties to the Skaff Case had planned to complete their meet and confer
4  process on October 27, 2010.

5       5.     The parties to the Skaff Case also jointly requested, and plaintiff Skaff was granted,
6  an enlargement of time until November 8, 2010 for plaintiff to file his Notice of Need For
7  Mediation, pursuant to Paragraph 6, General Order 56.

8       6.     The Paulick Case was filed on September 13, 2010. On October 21, 2010, this Court
9  granted plaintiff Paulick's Unopposed Administrative Motion To Relate Cases And Request
10 Reassignment.

11      7.     Plaintiff Paulick requested an expedited inspection of the premises of the Ritz-Carlton
12 Hotel at Half Moon Bay. Counsel for the defendants in the Paulick Case agreed that counsel for Mr.
13 Paulick and his experts could participate in a joint inspection of the premises on November 1, 2010,
14 with defendants' understanding that the parties to the Skaff Case and to the Paulick Related Case
15 would seek modifications to the timelines stated in General Order 56 as they apply to the two
16 Related Cases.

17      8.     In the Skaff Case, the prior Stipulation to extend the time for Defendants to respond
18 to the Complaint (Docket No. 4, Skaff Case), the parties' Stipulation for an Order For Enlargement
19 Of Time To Complete The General Order 56 Joint Site Inspection And To Hold The General Order
20 56 "Meet And Confer" (Docket No. 11, Skaff Case) and the parties' Stipulation And Proposed Order
21 for Enlargement Of Time To Continue Meet And Confer And To File Notice of Need For Mediation
22 (Docket No. 18, Skaff Case) are the only previous requested modifications in the case by Stipulation
23 or Court Order other than the Court's Order granting plaintiff Paulick's Motion To Relate the Skaff
24 and Paulick cases.

25      9.     In the Paulick Case, the parties' Stipulation to extend the time for defendants to
26 respond to the Complaint (Docket No. 6, Paulick Case) is the only previous requested modification
27 in the case by Stipulation or Court Order other than the Court's Order granting plaintiff Paulick's
28 Motion To Relate the Skaff and Paulick cases.

10.    With the exception of extending the meet and confer and mediation notice deadlines, the extension does not effect court ordered deadlines in either Related Case.

11.    The parties to the Skaff Case and the parties to the Paulick Case have stipulated to this Request for Modification Of General Order 56 Affecting Related Skaff And Paulick Cases because they wish to avoid the unnecessary and burdensome duplication of labor and expenses that would be involved in separate meet and confer proceedings and possible mediation proceedings, and to allow the parties the opportunity to resolve both cases in unified proceedings, with consistent results. These are the same reasons that the defendants in both Related Cases agreed not to oppose plaintiff Paulick's Motion To Relate Cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October 2010 at San Francisco, California.

_____
Anne D. O'Niell

### [PROPOSED] ORDER

Having considered the parties' Stipulation Requesting Modification Of General Order 56 Affecting Related Skaff And Paulick Cases and the supporting Declaration, and for good cause shown, the Court agrees to grant the requested modifications to General Order 56, as they apply to the captioned case as set forth below:

1.    The parties to the captioned Skaff Case shall complete the meet and confer requirements stated in Paragraph 4 of General Order 56 by participating in one or more joint meet and confer session with the parties to the Related Case Paulick v. Ritz-Carlton, Half Moon Bay, et al., Case No. C10-4107 ("the Paulick Case"), no later than November 30, 2010;

2.    If the parties to the captioned Skaff Case are not able to reach agreement on injunctive relief, or cannot settle the damages and fee claims stated in their complaint, the plaintiff shall file a "Notice Of Need For Mediation", pursuant to the provisions stated in Paragraph 6 of General Order 56, no later than December 8, 2010. Plaintiff Skaff will participate jointly with plaintiff in the Paulick Case in any mediation proceedings conducted pursuant to Paragraph 6 of

1  General Order 56;

2  　　　3.　　If mediation conducted pursuant to Paragraph 6 of General Order 56 is not successful
3  plaintiff Skaff shall comply with the provisions stated in Paragraph 7 of General Order 56.
4  IT IS SO ORDERED
5  Dated: __November 1_____, 2010

_____
Charles R. Breyer
United States District Judge

*IT IS SO ORDERED*
*Judge Charles R. Breyer*

2996519v1  911380